46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harry James SEAGRAVE, Plaintiff-Appellant,
v.
James K. ROWLAND, et. al., Defendant-Appellee.
 No. 94-15041.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 27, 1995.
 
 Before: ALDISERT**, GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Harry James Seagrave appeals from the district court's denial of his motion for a preliminary injunction in his 42 U.S.C. Sec. 1983 action, alleging deprivation of his right of access to the courts in violation of the Sixth and Fourteenth Amendments. Jurisdiction was proper in the district court under 28 U.S.C. Sec. 1343. We have jurisdiction pursuant to 28 U.S.C. Sec. 1292(a)(1). We affirm.
 
 I.
 
 3
 Seagrave contends that California's "zero indigency" rule forces him to choose between obtaining access to the courts and obtaining other items, in particular, "ordinary hygiene" supplies. The California Code of Regulations provides that inmates "shall be required to pay for the duplication of printed forms and other written or typed materials, and for any special paper and envelopes required for mailing to the courts," unless an inmate "is without funds for 30 days or more after such materials and services are provided." 15 C.C.R. Sec. 3162(a). In addition, inmates are required to pay for postage for mailing documents unless the inmate "is without funds at the time the material is submitted for mailing and remains without funds for 30 days after the documents are mailed." 15 C.C.R. Sec. 3165(d). Notarization of legal documents is not provided as a free service regardless of whether an inmate is indigent. 15 C.C.R. Sec. 3165(c).
 
 
 4
 Seagrave's pleadings state that he has been prevented from purchasing hygiene supplies at the prison canteen for two years because California's "zero-indigency" rules have forced him to allocate his limited funds toward gaining access to the courts. In an affidavit accompanying Seagrave's motion for a temporary restraining order (construed by the magistrate judge and the district court as the motion for a preliminary injunction that is the subject of this appeal), Seagrave contends that he is unable to use the "cheap blades and harsh soap" supplied by the prison because of his "sensitive skin." He claims to have no money to purchase shampoo, nail clippers, denture adhesive and cleaner, and other grooming items. He alleges that he has had to shine shoes and trade food "in order to garner enough supplies (used envelopes, etc.) to take care of [his] legal mailings."
 
 
 5
 Seagrave seeks a preliminary injunction which would essentially order the defendants to implement an "indigent policy" with respect to legal supplies and services resembling the policy ordered in Gluth v. Kangas, 773 F. Supp. 1309, 1323-1324 (D. Ariz. 1988), aff'd, 951 F.2d 1504 (9th Cir. 1991). Under the policy adopted in Gluth, prison officials must provide an inmate with basic legal supplies and services free of charge if (1) the inmate has less than $46.00 on the date of the request and (2) there has been less than $46.00 in the inmate's account in the 28 day period prior to the date of request. Gluth, 773 F. Supp. at 1324.
 
 
 6
 The magistrate judge recommended that the motion for preliminary injunction be denied on the grounds that Seagrave failed to show a significant threat of irreparable injury either to his access to the courts or to the maintenance of personal hygiene. The district court adopted the magistrate judge's findings and denied the motion for a preliminary injunction.
 
 II.
 
 7
 To obtain a preliminary injunction, "the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips in its favor." United States v. Nutri-Cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992) (citations omitted). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). Under any formulation of the test, the moving party must "demonstrate that there exists a significant threat of irreparable injury." Id. The district court's order regarding preliminary injunctive relief is subject to limited review. "The denial of a preliminary injunction will be reversed only where the district court abused its discretion ...." Nutri-Cology, 982 F.2d at 397.
 
 
 8
 It bears emphasis that our role is not to make a final judgment on the merits. This is merely an appeal from the denial of a preliminary injunction, and the relief sought is only temporary until the matter is brought to a final hearing. The proceedings on the merits are still before the district court and are unaffected by our ruling on the preliminary injunction.
 
 
 9
 We conclude that court did not abuse its discretion in determining that there was insufficient proof of irreparable injury.
 
 A.
 
 10
 Although Appellant relies almost entirely on the teachings of Gluth, the facts in the Arizona case differ from those present here. In Gluth, 951 F.2d at 1508, the district court determined that the inmates had to purchase hygiene materials to avoid punishment, that the requisite hygiene supplies and supplies required for court access cost at least $46.00, and that inmates who had more than $12.00 in their trust accounts did not qualify for indigent status. All this demonstrated that court cases of certain indigent inmates could not be filed or were dismissed because the inmates could not afford to purchase necessary legal supplies.
 
 B.
 
 11
 At this preliminary stage of the proceedings, the record at best is slim. To meet his burden of proving irreparable harm, Appellant set forth the following statement in an affidavit:
 
 
 12
 During this time, and in previous years, I have had to "make do" (shining shoes, trading food) in order to even garner enough supplies (used envelopes, etc.) to take care of my legal mailings: in addition to which I have been unable to purchase any hygiene supplies whatsoever; and because of sensitive skin, not prone to cheap razor blades and harsh soap (furnished two days a month by DVI) have had to walk around bearded and stinking: without shampoo, nail clippers, denture adhesive and cleaner, and other grooming items.
 
 
 13
 Affidavit attached to Order and Request for TRO, lodged July 8, 1993. Appellant also attached an affidavit from a fellow inmate corroborating that he does indeed "walk around bearded and stinking."
 
 
 14
 Viewing these averments in the best light for the limited purpose of establishing irreparable injury for an injunction pendente lite, we are not persuaded that the district court abused its discretion in determining that Appellant had not met his burden. Significantly, in his affidavit Seagrave indicates that his lack of grooming and body odors from lack of using state-issued soap is not an emergency situation and that he has tolerated it "During this time, and in previous years." It may well be Seagrave raises serious issues on the merits of his claim that being limited to government issue hygiene materials constitutes either a violation of due process or the strictures of the Eighth Amendment, or that being forced to pay for his own soap interferes with his access to the courts.
 
 
 15
 On the basis of the record before us at this early stage of the proceedings, however, we are not persuaded that the balance of hardships tilts sufficiently in Seagrave's favor to require preliminary injunctive relief.
 
 
 16
 We affirm the denial of the preliminary injunction on the basis of failure to prove irreparable injury. This is the sole extent of our ruling.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3